JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Steven Roberts appeals his conviction for three counts of nonsupport of dependents. We conclude that his sole assignment of error is not well taken and affirm the judgment of the trial court.
Roberts was indicted for three counts of nonsupport of dependents in violation of R.C. 2919.21(B) and three counts of nonsupport of dependents in violation of R.C. 2919.21(A)(2). The state dismissed the three counts alleging violations of R.C. 2919.21(A)(2). On July 8, 2004, the case on the remaining charges was tried before the trial court. At the conclusion of the testimony, the trial court found Roberts guilty as charged and sentenced him to five years of community control.
In his sole assignment of error, Roberts asserts that the judgment of the trial court was supported by insufficient evidence and was against the manifest weight of the evidence.
A sufficiency argument challenges whether the state presented adequate evidence on each element of the offense.[1] On the other hand, when reviewing whether a judgment is against the manifest weight of the evidence, we sit as a thirteenth juror to determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
Roberts does not dispute that he did not pay the court-ordered support for his children. The state put on sufficient evidence to prove violations of R.C. 2919.21(B). But Roberts does challenge whether the state put on sufficient evidence that he did not pay support for twenty-six weeks out of 104 consecutive weeks. Such evidence would elevate a violation of R.C. 2919.21(B) from a first-degree misdemeanor to a fifth-degree felony.[3] Having reviewed the record, we conclude that the state presented adequate evidence that Roberts did not pay support for more than twenty-six weeks out of 104 consecutive weeks.
Roberts also contends that the trial court erred in not finding that he had met his burden of proof with respect to his affirmative defense to the charges. Under R.C. 2919.21(D), Roberts was afforded an affirmative defense to a violation of R.C. 2919.21(B) if he could establish that he was unable to provide the court-ordered support but did provide support within his means. We conclude that the trial court's conclusion that Roberts did not establish his affirmative defense was not against the manifest weight of the evidence. Further, we are unable to conclude that the trial court lost its way in finding Roberts guilty of nonsupport of dependents. The assignment of error is without merit, and we therefore affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[2] See id. at 387.
[3] R.C. 2919.21(G)(1).